IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WALMART INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:20-cv-00817-SDJ ) |
| U.S. DRUG ENFORCEMENT ADMINISTRATION, *et al.*, | ) ) ) |
| Defendants. | ) |

**WALMART'S OPPOSITION TO DEFENDANTS' MOTION TO STAY
PARTIAL SUMMARY JUDGMENT BRIEFING**

Defendants have asked to be excused from even responding to Walmart's motion for partial summary judgment (ECF 21) until this Court resolves their just-filed motion to dismiss (ECF 43). This Court should reject that request and instead order the briefing on both motions to proceed in parallel in the normal course, so that all of the issues can be presented to the Court for expeditious resolution. Defendants' bifurcated approach threatens to delay the progress of this case, contrary to the directive of the Federal Rules for declaratory judgment actions, and would be particularly inappropriate here given that Walmart and others in the pharmacy industry need prompt legal clarification of their statutory and regulatory duties. Parallel briefing of jurisdictional and merits issues is ordinary practice, particularly in this District, where motions to dismiss do not even justify a delay in responding to discovery. *See* L.R. 26(a). Defendants do not offer a compelling reason to depart from that practice here. Indeed, the only particularized reason they offer—a desire to keep the Government's "legal theories" a secret from regulated parties (ECF 44 ("Stay Mot.") at 2)—only underscores why Walmart was forced to initiate this litigation in the first place.

1

Defendants correctly observe that this Court must address any challenge to subject matter jurisdiction "before reaching the merits." (Stay Mot. at 2.) But it does not follow that the parties cannot *brief* the merits issues "before jurisdiction is determined." (*Id.*) To the contrary, where the merits issues are purely legal ones that do not require discovery, "one combined briefing schedule" maximizes judicial efficiency by presenting the court with the full panoply of dispositive issues at the same time. *Am. Hosp. Ass'n v. Dep't of Health & Human Servs.*, No. CV 18-2112, 2018 WL 5777397, at *3 (D.D.C. Nov. 2, 2018); *see also id.* at *2 ("The Court agrees with plaintiffs that postponing summary judgment briefing pending the resolution of the government's anticipated motion to dismiss would not serve the orderly disposition of this case.").

For that reason, briefing jurisdictional and merits issues on parallel, simultaneous tracks is standard practice in the federal courts, including this one. *See, e.g.*, *Stragent LLC v. BMW of N. Am., LLC*, No. 6:16-CV-446, 2019 WL 3304703, at *1 (E.D. Tex. July 23, 2019); *Parker v. Wells Fargo Bank, N.A.*, No. 4:13-CV-281, 2015 WL 12953226, at *1 (E.D. Tex. Sept. 30, 2015); *Silvertooth v. Danlin Indus. Corp.*, No. 2:13-CV-204, 2014 WL 12689875, at *1 (E.D. Tex. Jan. 31, 2014); *Dunlap v. Denison Indep. Sch. Dist.*, No. 4:09CV234, 2010 WL 3521750, at *6 (E.D. Tex. Sept. 7, 2010); *McGinnis v. Dodeka*, LLC, No. 4:09CV334, 2010 WL 1856450, at *1 (E.D. Tex. May 7, 2010); *see also, e.g.*, *Zirpolo v. Williams*, No. 19-CV-2024, 2020 WL 3104078, at *1 (D. Colo. June 11, 2020); *Harris v. Wilkie*, No. 18-CV-0071, 2019 WL 1077343, at *1 (D. Colo. Mar. 7, 2019). It is particularly routine in cases involving agency action, where the merits issues are often purely legal. *See Am. Hosp. Ass'n*, 2018 WL 5777397, at *2-3 (explaining this point); *see also, e.g.*, *Chamber of Commerce of U.S. v. IRS*, No. 1:16-CV-944, 2017 WL 4682050, at *1 (W.D. Tex. Oct. 6, 2017) (addressing Defendants' motion to dismiss on jurisdictional grounds together with Plaintiff's motion for summary judgment).

Defendants' preferred course—waiting for the motion to dismiss to be briefed and decided before they would even have to address the merits—would cause unnecessary delay if the Court agrees with Walmart that it has jurisdiction.[1] Yet the Federal Rules contemplate "speedy" action on declaratory judgment suits. *See* Fed. R. Civ. P. 57 (noting that "[t]he court may order a speedy hearing of a declaratory-judgment action"); *Donnely v. Mavar Shrimp & Oyster Co.*, 190 F.2d 409, 410 (5th Cir. 1951) ( "the court may order a speedy hearing of an action for declaratory judgment, and may advance it on the calendar"). And, as the Complaint sets forth, Walmart and its pharmacists need expeditious resolution because they face conflicting, contradictory guidance about the scope and substance of the legal duties governing their ongoing conduct. (*See generally* ECF 1.) The *amici* brief filed by the National Association of Chain Drug Stores and the American Pharmacists Association confirms that pharmacies and pharmacists likewise "need and deserve clarity regarding their obligations when filling prescriptions for controlled substances, so that they can practice their profession without the threat of liability on all sides." (ECF 39 at 1.) And the Association of American Physicians and Surgeons has also sought consent from the parties to file an *amicus* brief and will soon add its voice to the chorus asking this Court to help provide clarity. With both the industry and doctors crying out for guidance, Defendants' straightforward obligation to defend their reading of the statute and regulations ought not be deferred.

---

[1] Walmart will respond to Defendants' motion to dismiss in due course. Suffice it to say, for now, the following: Walmart's suit falls squarely within the APA's sovereign immunity waiver, which (contrary to Defendants' contention) is not limited to claims under the APA itself. *See* 5 U.S.C. § 702; *Doe v. United States*, 853 F.3d 792, 798-99 (5th Cir. 2017). As to the existence of a "cause of action," the whole point of the Declaratory Judgment Act is to allow a party to clarify the legal relations between the parties if the *defendant* would have a federal cause of action to sue the *plaintiff* (as Defendants agree they could). *See, e.g.*, *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 128-29 (2007). And a purely legal dispute over the rules governing a regulated party's primary conduct is quintessentially ripe for review under the Declaratory Judgment Act. *See Abbott Labs. v. Gardner*, 387 U.S. 136, 152 (1967).

Nor do Defendants offer any specific, compelling reason for such a deferral. Their only affirmative argument is that responding to Walmart's partial summary judgment motion would force the Government to "divulge its legal theories" and "tip its hand in a potential enforcement action." (Stay Mot. at 2.) Even putting aside that Defendants have already initiated enforcement actions against other parties based on their aggressive constructions of the Controlled Substances Act and its implementing regulations (ECF 21 at 11), that is a remarkable position. Again, Walmart's motion seeks declaratory relief about the scope of its duties under the statute and regulations. Defendants' insistence that sharing and defending the Government's position on those questions would give Walmart an unfair tactical advantage is reminiscent of the Roman Emperor Nero, whose practice was reportedly "to post his edicts high on the columns so that they would be harder to read and easier to transgress." Antonin Scalia, *The Rule of Law as a Law of Rules*, 56 U. CHI. L. REV. 1175, 1179 (1989). Presumably the Emperor did not want to "tip his hand" either, until he initiated an "enforcement action." But such "secret law" is fundamentally anathema to rule-of-law norms; the Fifth Circuit has called it an "abomination." *Stokes v. Brennan*, 476 F.2d 699, 702 n.3 (5th Cir. 1973) (citation omitted). This Court certainly should not encourage its perpetuation by indulging Defendants' wish to continue to avoid publicly defending their legal interpretations.

## CONCLUSION

For these reasons, the Court should deny Defendants' motion to stay.

Case 4:20-cv-00817-SDJ   Document 46   Filed 12/07/20   Page 5 of 6 PageID #:  488

Dated: December 7, 2020                             Respectfully submitted,

| | |
|---|---|
| */s/ Clyde M. Siebman* | */s/ Karen P. Hewitt* |

| | |
|---|---|
| Clyde M. Siebman<br>Texas Bar No. 18341600<br>Elizabeth S. Forrest<br>Texas Bar No. 24086207<br>SIEBMAN FORREST BURG<br>  & SMITH, LLP<br>Federal Courthouse Square<br>300 N. Travis<br>Sherman, TX  75090<br>Telephone: (903) 870-0070<br>clydesiebman@siebman.com<br>elizabethforrest@siebman.com<br><br>David W. Ogden*<br>Charles C. Speth*<br>WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>Phone: (202) 663-6000<br>David.Ogden@wilmerhale.com<br>Charles.Speth@wilmerhale.com<br><br>*Admitted *pro hac vice* | Karen P. Hewitt*<br>California Bar No. 145309<br>JONES DAY<br>4655 Executive Drive, Suite 1500<br>San Diego, CA 92121-3134<br>Telephone: (858) 314-1200<br>kphewitt@jonesday.com<br><br>Jason S. Varnado<br>Texas Bar No. 24034722<br>Andrew J. Junker<br>Texas Bar No. 24106155<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, TX 77002-2172<br>Telephone: (832) 239-3939<br>jvarnado@jonesday.com<br>ajunker@jonesday.com<br><br>Michael A. Carvin*<br>D.C. Bar No. 366784<br>Benjamin C. Mizer*<br>D.C. Bar No. 499651<br>Yaakov M. Roth*<br>D.C. Bar No. 995090<br>William G. Laxton, Jr.*<br>D.C. Bar No. 982688<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C.  20001.2113<br>Telephone: (202) 879-3939<br>macarvin@jonesday.com<br>bmizer@jonesday.com<br>yroth@jonesday.com<br>wglaxton@jonesday.com<br><br>Attorneys for Plaintiff<br>WALMART INC. |

5

## CERTIFICATE OF SERVICE

      I certify that on December 7, 2020, I electronically filed this Opposition with the Clerk of the Court using the CM/ECF system.

                    By: */s/ Clyde Siebman*
                        *Counsel for Walmart Inc.*