Dr. Jay K Joshi
1216 Richfield Court
Woodridge, IL 60517


Judge Sean D. Jordan
U.S. District Court for the Eastern District of Texas
Sherman Division             4:20-cv-817
7940 Preston Road, Suite 111
Plano, TX 75024


RE: UNOPPOSED MOTION BY DR. JAY K JOSHI FOR LEAVE TO FILE AMICUS CURIAE BRIEF


Dear Honorable Judge Sean D. Jordan:

On December 3rd, 2020, through email correspondence, I received notification from both the PLAINTIFF, ("Walmart, Inc."), and the DEFENDANT, ("U.S. Drug Enforcement Administration & Department of Justice") that there is no opposition to the filing of the amicus curiae brief prepared on November 14th, 2020.

Miss Karen P. Hewitt represented the Plaintiff and Miss Kate Talmor represented the Defendant.

I wrote this brief out of a sense of professional duty as a physician and of civic obligation as a citizen of the United States. I do not represent any professional organization nor any corporate interest.

I represent the patients who, now disenfranchised by the escalating political rhetoric of the opioid epidemic, suffer in silence, forced to endure shame for their chronic pain, for their mental health conditions, for seeking medical care that

requires them to fill prescriptions at retail pharmacy outlets, which inevitably puts them in a position to be potentially judged, discriminated against, deemed to be wholly criminal, or dismissed as a drug addict simply by the manner in which they look or behave.

I represent the physicians who, out of fear for legal ramifications, both civil and criminal, compromise patient care to practice defensive medicine. Who have become so disillusioned by the current state of affairs that they would rather leave a patient in pain or leave a mental health condition untreated than provide the medically appropriate clinical care.

I represent the pharmacists who, out of fear of legal liability and of recently imposed criminal culpability, now judge patients based upon their physical appearances, mannerisms, or medical history, determining whether the decision to fill a prescription justifies the personal risk they may incur.

I write this brief out of a genuine concern for all those in the medical community affected by the criminalization of the opioid epidemic, in hopes that the medical issues underlying the legal case are given fair deliberation. This brief addresses the legal theory underlying the case, and recognizes the potential for the case to establish a framework for medical jurisprudence that is built upon the foundation of Constitutional logic.

The opioid epidemic is a medical issue that has migrated into the legal courts, simplifying the complex fields of pain management and addiction medicine into a standardized legal rubric.

But in attempting to fit a fundamentally complex concept into something far more simple, we inevitably create errors of approximation – that manifest in the courts of law as inductive logic, probabilistic and circular reasoning, fraud, and suppressed premises – errors that would go unnoticed unless we develop a standardized framework for jurisprudence upon which the evidence and material arguments can be tested and substantiated.

**A framework that would be useful and necessary to the administration of justice.**

It is with great humility, deep dedication to my patients, and service to the medical community that I request you to grant the motion for leave.

Respectfully,

Dr. Jay K Joshi

# Certificate of Conference

Certificate of Conference

Prepared for

Judge Sean D. Jordan

Of the

U.S. District Court for the Eastern District of Texas

Sherman Division

Prepared by: Dr. Jay K Joshi

December 5, 2020