UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| WALMART INC. | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-817-SDJ |
| | § | |
| U.S. DEPARTMENT OF JUSTICE, | § | |
| ET AL. | § | |

# ORDER

Before the Court is Defendants' Motion to Stay Partial Summary Judgment Briefing, (Dkt. #44), filed by Defendants U.S. Department of Justice, Attorney General William P. Barr, U.S. Drug Enforcement Administration, and Acting Administrator Timothy J. Shea (collectively, "DOJ"). In the motion, DOJ requests that briefing on Plaintiff Walmart, Inc.'s ("Walmart") Motion for Partial Summary Judgment, (Dkt. #21), be stayed pending resolution of DOJ's Motion to Dismiss for Lack of Jurisdiction, (Dkt. #43). Walmart responded in opposition, (Dkt. #46), DOJ replied, (Dkt. #54), and Walmart filed a sur-reply, (Dkt. #57). For the reasons provided below, the Court concludes that DOJ's motion should be GRANTED.

Walmart initiated this action for declaratory relief on October 22, 2020. (Dkt. #1). Just over three weeks later, and prior to DOJ's appearance in this case, Walmart filed a motion for partial summary judgment. (Dkt. #21). Because DOJ had not yet appeared, the Court stayed DOJ's response deadline pending the issuance of a briefing schedule following DOJ's appearance in this case. (Dkt. #22). On December 4, 2020, DOJ appeared by filing a motion to dismiss, arguing that the Court lacks subject-matter jurisdiction because, among other reasons, DOJ is entitled to

1

sovereign immunity. (Dkt. #43). On the same day, DOJ filed its motion to stay briefing on Walmart's partial-summary-judgment motion pending resolution of DOJ's dismissal motion. (Dkt. #44).

DOJ first contends that the Court should stay briefing on Walmart's summary-judgment motion because the Court should not consider the merits of the lawsuit without first establishing that the Court has subject-matter jurisdiction. It is true that the Court must resolve whether jurisdiction exists before deciding the merits of a dispute. *See, e.g.*, *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998) (quoting *Telecomms. Research & Action Ctr. v. FCC*, 750 F.2d 70, 75 (D.C. Cir. 1984)) ("Jurisdiction is, of necessity, the first issue for an Article III court." (internal quotation marks omitted)); *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 548 (5th Cir. 1981) ("Where a federal court proceeds in a matter without first establishing that the dispute is within the province of controversies assigned to it by the Constitution and statute, . . . its decisions, opinions, and orders are of no effect."). However, as Walmart observes, it does not follow that the parties cannot *brief* the merits issues before jurisdiction is determined. Indeed, courts often, and properly, order briefing on jurisdiction and the merits to proceed on parallel tracks. *See, e.g.*, *Dunlap v. Denison Indep. Sch. Dist.*, No. 4:09cv234, 2010 WL 3521750, at *6 (E.D. Tex. Sept. 7, 2010); *Zirpolo v. Williams*, No. 19-cv-2024, 2020 WL 3104078, at *1 (D. Colo. June 11, 2020).

More compelling is DOJ's argument that summary-judgment briefing should be stayed in order to spare DOJ the burdens of litigation in the event that its assertion

of sovereign immunity is meritorious.[1] In keeping with the purpose of sovereign immunity, delaying briefing on the merits of the lawsuit preserves the benefit of immunity in the event that DOJ is entitled to it. Sovereign immunity means immunity not merely from liability but also "from the burdens of becoming involved in *any* part of the litigation process, from pre-trial wrangling to trial itself." *United States v. Moats*, 961 F.2d 1198, 1203 (5th Cir. 1992) (emphasis added); *accord Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) (concluding that the analogous defense of qualified immunity entitles defendants not just to protection from "discovery" or "trial" but also from "the other burdens of litigation"); *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009) ("[I]mmunity is intended to shield the defendant from the burdens of defending the suit . . . ."); *O'Brien v. United States*, No. 4:20-CV-477, Dkt. No. 35 at 2 (E.D. Tex. Nov. 12, 2020) (citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)) ("[S]overeign immunity is not merely a defense to liability but renders the United States entirely immune from suit.").

Walmart distinguishes prior cases that have stayed litigation pending the resolution of a threshold immunity question because those cases involved staying

---

[1] Walmart asserts that DOJ has waived the sovereign-immunity argument as grounds for a stay because DOJ first raised the issue in its reply brief. (Dkt. #57 at 1). However, DOJ did argue in its stay motion that "Defendants should not be required to brief the merits of this litigation until jurisdiction is assured," (Dkt. #44 at 2), and DOJ's assertion of sovereign immunity is at the core of its challenge to the Court's jurisdiction, (Dkt. #43 at 9–14). To be sure, DOJ's reply brief presented more detailed and specific arguments on the issue of sovereign immunity, but Walmart suffered no prejudice because the Court granted Walmart leave to file a sur-reply. *See Thompson v. Dall. City Att'y's Off.*, 913 F.3d 464, 471 (5th Cir. 2019) ("A district court does not abuse its discretion when it considers an argument raised for the first time in a reply brief so long as it gives the non-movant an adequate opportunity to respond prior to a ruling.").

discovery and trial, which are more significant burdens than briefing a summary-judgment motion. Importantly, however, the Court has found no precedent indicating that immunity defenses protect *only* against the burdens of discovery and trial.[2] Rather, the Court reads the Supreme Court's and Fifth Circuit's language to more broadly forbid undue pretrial expenses of any kind when the specter of immunity is raised. *See, e.g.*, *Mitchell*, 472 U.S. at 526; *Moats*, 961 F.2d at 1203. Here, the specter of immunity has been raised, and with it the attendant threat of burdensome pretrial litigation on the potentially immune DOJ defendants. In the instant case, a ruling on Walmart's summary-judgment motion would resolve nearly all merits issues before the Court without the need for discovery or trial. Given these stakes, as well as the numerous and complex legal issues raised in Walmart's motion, *see* (Dkt. #21), the expense of briefing on the summary-judgment motion is certain to impose a substantial burden on the parties in proportion to the whole of the case. Accordingly, the Court finds good cause to grant the stay of briefing deadlines on Walmart's summary-judgment motion.

Walmart provides the following two points of rebuttal. First, Walmart cites efficiency, arguing that the Federal Rules of Civil Procedure contemplate speedy

---

[2] In Walmart's sur-reply, Walmart cites four cases in which a district court allowed briefing or oral argument to proceed simultaneously on both the merits and immunity. (Dkt. #57 at 2) (citing *Price v. Socialist People's Libyan Arab Jamahiriya*, 274 F.Supp.2d 20, 22 (D.D.C. 2003); *Na Kia'i Kai v. Nakatani*, 401 F.Supp.3d 1097, 1102 (D. Haw. 2019); *Carter v. Taylor*, No. Civ. 07-4021, 2008 WL 4527763, at *1 (D. Minn. Aug. 18, 2008), *report and recommendation adopted*, 2008 WL 4527762 (D. Minn. Sept. 30, 2008); *Taylor v. Adm'r of Small Bus. Admin.*, 722 F.2d 105, 107–108 (5th Cir. 1983)). However, whether to stay briefing on the merits was not at issue in any of these cases. Instead, these cases merely allowed proceedings on immunity and the merits to go forward on parallel tracks without discussion of the considerations, if any, in making that determination.

resolution of declaratory judgments. (Dkt. #46 at 3). However, the efficiency argument cuts both ways because whether a stay makes these proceedings more or less efficient depends on whether DOJ's dismissal motion is successful. Further, the potential harm in depriving DOJ of the principal benefit of sovereign immunity outweighs the potential for a modest decline in efficiency.

Second, Walmart asserts that "Walmart and its pharmacists need expeditious resolution because they face conflicting, contradictory guidance about the scope and substance of the legal duties governing their ongoing conduct." (Dkt. #46 at 3). However, while the Court is cognizant of Walmart's significant interest in resolving the merits of its case, the slight delay in reaching the merits is outweighed by the potential harm of forcing the DOJ to litigate the merits of a lawsuit from which it may be immune.

\* \* \*

For the foregoing reasons, the Court concludes that DOJ's Motion to Stay Briefing should be **GRANTED**. It is therefore **ORDERED** that all briefing deadlines on Walmart's Motion for Partial Summary Judgment, (Dkt. #21), are hereby **STAYED** pending resolution of DOJ's Motion to Dismiss for Lack of Jurisdiction, (Dkt. #43).

It is further **ORDERED** that Walmart's response to DOJ's dismissal motion is due no later than **fourteen (14) days** from the date of this Order and that DOJ's reply, if any, is due no later than **seven (7) days** after Walmart has filed its response.

5

If the parties desire additional pages or additional briefing, they must seek leave of the Court to do so.

**So ORDERED and SIGNED this 16th day of December, 2020.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE